*Judge Pauley*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK      **05 CV        2128**
-------------------------------------------------------X

ROSE MORGAN, on behalf of herself
and all others similarly situated,

                        Plaintiff,

                                                                                         CLASS ACTION
                                                                                       COMPLAINT

      -against-

                                                                                       JURY TRIAL
                                                                                       DEMANDED

CHECK PLUS SYSTEMS, L.P.

                        Defendant.
-------------------------------------------------------X

        Plaintiff, by and through her undersigned attorneys, alleges upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

PRELIMINARY STATEMENT

        1.     Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 et. seq. of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

JURISDICTION AND VENUE

        2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

        3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

4.  Plaintiff Rose Morgan (hereinafter "Morgan") is a resident of the State of New York, Bronx County. On or about January 6, 2005, plaintiff Morgan received and came into contact with a form debt collection notice from defendant's at plaintiff's address. **Exhibit A**.

5.  Defendant Check Plus Systems, L.P. (hereinafter "CPS") is a Texas Limited Partnership engaged in the business of collecting debts with its principal place of business located in Corpus Christi, Texas. The principal purpose of defendant CPS is the collection of debts using the mails and telephone, and the defendant regularly attempts to collect debts alleged to be due another. Its New York City Department of Consumer Affairs license number is 1158837.

## CLASS ACTION ALLEGATIONS

6.  Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers who have received debt collection notices and/or letters from the defendant which contain one or more of the violations complained of herein contained in paragraphs numbered 18-20, and its successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of CPS.

7.  This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated 15 U.S.C. § 1692e(10) by stating:

"THIS LETTER SUPPORTED BY AN "AFFIDAVIT OF MAILING"

    b. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(5) by threatening unintended legal action.

    c. Whether defendant violated 15 U.S.C. § 1692g by threatening legal action within the first thirty days when defendant does not ordinarily take such action.

    d. Whether plaintiff and the Class have been injured by the defendant's conduct;

    e. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    f. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. The class consists of all consumers within the United States of America who received a collection letter the which claimed the existence of an "AFFIDAVIT OF MAILING."

15. There is a sub class of consumers who received a collection letter threatening legal action within the first thirty days.

16. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. On or about December 17, 2004, defendant mailed a letter addressed to plaintiff at plaintiff's address. Upon receipt of defendant's letter, plaintiff opened and read it. The letter demanded payment of a consumer debt. A copy of said letter is annexed hereto as **Exhibit A**.

## FIRST CAUSE OF ACTION

18. Each of the above allegations is incorporated herein.

19. The letter violated the FDCPA by falsely stating the collection letter was supported by an "AFFIDAVIT OF MAILING" in violation of 15 U.S.C. § 1692e(10).

20. The letter violated numerous provisions of the FDCPA by threatening unintended and premature legal action in violation of 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692g.

21. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff statutory damages;

c) Awarding class members the maximum statutory damages;

d) Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

e)   Awarding plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: February 11, 2005
       Uniondale, New York

Lawrence Katz (LK-0062)
Katz & Kleinman PLLC
626 EAB Plaza
Uniondale, New York 11556-0626
Telephone  (516) 522-2621
Facsimile  (516) 522-2890

**EXHIBIT A**

THIS LETTER SUPPORTED BY AN "AFFIDAVIT OF MAILING"
FORWARDED VIA US POSTAL SYSTEM - 1ST CLASS MAIL

**CPS SECURITY**
PO BOX 23037
CORPUS CHRISTI, TX 78403

**ROSE MORGAN**　　　　　　D26421
4603 RICHARDSON AVE 2ND FL
BRONX, NY 10470-1551

PHONE PAY   361-882-5153
FAX LINE   361-883-1888

**AGENTS ON DUTY**
877-882-5153

## IMPORTANT NOTICE

This office has been retained to collect the debt owed the above creditor. This is a demand for full payment because you have had ample time to pay your creditor but your balance remains outstanding. You are hereby advised:

Unless you, the consumer, notify this office within thirty days after receipt of this notice that you dispute the validity of the debt or any portion thereof, the debt will be assumed to be valid by this office. If you, the consumer, within thirty days after receipt of this notice, notify this office in writing that the debt or any portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment against you and mail it to you. Upon your written request, this office will also provide you with the name and address of the original creditor, if different from the current creditor.

However, the law does not require us to wait until after the thirty-day period expires before suing you to collect this debt. Should it be decided to file a lawsuit against you, an attorney licensed in your county will be selected to take the appropriate action.

If you wish to settle this debt at this time, you may pay the total amount due by Credit card or check by phone by calling 1-877-882-5153, or you may mail a check or money order to us. For further information please call 1- 800- 276-0696.

**ATTENTION RESIDENTS OF NEW YORK:** CHECK PLUS SYSTEMS, DBA CPS SECURITY NYC LICENSE # 1158837
**ATTENTION RESIDENTS OF COLORADO:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CAB.HTM

CPS SECURITY DEPARTMENT PERSONNEL USE ONLY

ROSE MORGAN - COUNTY CODE - D26421 [F1]
TOTAL DUE AS OF  12/17/2004   $ 92.37
State License # NY 1158837
Breakdown of Amount
HSN　　　　　　　　　　92.37

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION WILL BE USED FOR THAT PURPOSE.